# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA B. L., an Individual,<br><br>          Plaintiff,<br><br>          v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>          Defendant. | Case No.: 8:17-01521 ADS<br><br>MEMORANDUM OPINION AND ORDER |

**I.  INTRODUCTION**

Plaintiff Sarah B. L.[1] ("Plaintiff"), through her representative payee and the wage earner Robert W. L. ("Representative") challenges Defendant Andrew M. Saul[2] Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The Complaint, and thus the docket, do not name the Commissioner of the Social Security. On June 17, 2019, Saul became the Commissioner. Thus, he is automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

of her application for child's insurance benefits prior to November 2012. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff was not entitled to retroactive child insurance benefits dating back to her date of adoption in 2009. For the reasons stated below, the decision of the Commissioner is affirmed, and this matter is dismissed with prejudice.[3]

## II. STIPULATED SUMMARY OF THE CASE

The parties filed a Joint Stipulation [Dkt No. 19] setting forth the following stipulated Summary of the Case:

> On November 9, 2007, [Plaintiff's Representative] filed an internet application for retirement insurance benefits. In his application, one of the Social Security Administration's (SSA) prompts was the following:
>
>> "If you need to discuss a particular question [to] the response you provided, please enter information about it in the Remarks box below. A Social Security employee will call . . . this after we receive your application. We may also contact you if we directed you . . . item in Remarks (e.g., marriage related issue). In addition use this area to provide . . . name of a person who can take a message for you."[4]
>
> [Plaintiff's Representative] responded to that prompt as follows:
>
>> "my wife and I are in the process of adopting my wife's niece. That adoption should be final early next year. Will that affect Social Security benefits for either me or her in the future?"
>
> In a Notice of Award dated November 17, 2007, [Plaintiff's Representative] was informed he was entitled to monthly retirement benefits beginning November 2007. The letter did not answer [Plaintiff's Representative's] questions nor did [Plaintiff's Representative] receive a phone call from the SSA. [Plaintiff's Representative's] wife, who is Plaintiff's maternal aunt, adopted the Plaintiff on April 17, 2008. [Plaintiff's Representative] adopted the Plaintiff on March 4, 2009, and they became

---

[3] The parties filed consents to proceed before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(c), including for final Judgment. [Docket ("Dkt.") Nos. 8, 21].

[4] The Joint Stipulation notes that "[t]he printing of the online application is incomplete, and several words are missing at line breaks." [Id. at p.1, n. 1].

parent and child under the law on that date, with all the rights and duties of the parent-child relationship.

[Dkt. No. 19 at p. 1].

The stipulated Summary of the Case went on to state the procedural history of the case as follows:

> On May 27, 2013, [Plaintiff's Representative] filed an application for child's insurance benefits for the Plaintiff. Based on that filing the SSA established a protective filing date of May 3, 2013. On June 25, 2013, the Plaintiff was awarded child's benefits beginning November 2012.
>
> On July 30, 2013, [Plaintiff's Representative] filed a request for reconsideration of the Plaintiff's benefits based on a claim of misinformation. [Plaintiff's representative] asserted the misinformation established an earlier deemed filing date and that Plaintiff's eligibility date should be established retroactively to the date of her eligibility for benefits pursuant to 42 U.S.C. 402(j)(5), and she should be compensated accordingly.
>
> In a Notice of Reconsideration dated February 18, 2014, SSA affirmed the prior decision that Plaintiff's date of entitlement to child's benefits is November 2012, and no earlier date is possible based on the filing date of May 3, 2013 and six months of retroactivity.
>
> On April 15, 2014, [Plaintiff's Representative] filed a Request for Hearing asserting that the SSA's response did not appropriately address his claim for representation.
>
> On July 28, 2015 a hearing was held in front of the Honorable John Kays, an Administrative Law Judge.
>
> A hearing was conducted on July 28, 2015.
>
> On August 27, 2015 the Honorable John Kays held that "the Plaintiff did not file, and cannot be deemed to have filed, an application for child's insurance benefits on the record of [Plaintiff's Representative] at any time prior to May 3, 2013; and that Plaintiff met the conditions for entitlement to child's insurance benefits effective November 2012, but not prior thereto."
>
> On October 29, 2015 Plaintiff requested a review of Judge Kays' unfavorable decision.

On June 29, 2017 the SSA Appeal Council denied Plaintiff's Request for Review.

On September 5, 2017 the Plaintiff filed the instant action.

[Dkt. No. 19 at pp. 1-2].

**III.    STANDARD OF REVIEW**

Under 42 U.S.C. §405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied.  <u>Mayes v. Massanari</u>, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."  <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 882 (9th Cir. 2006)).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  <u>Reddick v. Chater</u>, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion."  <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld."  <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)); <u>see</u> <u>Robbins</u>, 466 F.3d at 882 ("If the evidence can support either

affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

**IV.  GOVERNING REGULATIONS**

Under Section 202(d) of the Social Security Act, the child of an individual entitled to retirement insurance benefits may receive child's insurance benefits. 42 U.S.C. § 402(d)(1); see also 20 C.F.R. § 404.350. However, an individual who qualifies for benefits does not receive them automatically. The Act makes entitlement contingent upon the filing of an application. 42 U.S.C. § 402(d)(1)(a); 20 C.F.R. § 404.350(a)(3); 20 C.F.R. § 404.693. "The filing of an application is a prerequisite to the entitlement to benefits, and benefits cannot be paid for periods earlier than the retroactive limit provided for in the Act." Driver v. Heckler, 779 F.2d 509, 511 (9th Cir. 1985) (citations omitted).

An application is considered filed on the day it is received by an SSA employee. 20 C.F.R. §404.614(a). If an individual files an application for child's benefits after the month in which the individual first meets all of the requirements (apart from the filing requirement), that individual may receive "retroactive" benefits for a maximum of six months prior to the date of the application. 20 C.F.R. §404.621(a)(1)(ii). The SSA regulations, however, provide that an application may be given an earlier "deemed" filing date as the result of "misinformation" by an SSA employee. 42 U.S.C. § 402(j)(5); see also 20 C.F.R. §404.633.

In order to avail oneself of an earlier deemed filing date due to "misinformation" from the SSA, the following requirements must be satisfied:

> (1) The misinformation must have been provided to you by one of the [SSA's] employees while he or she was acting in his or her official capacity as our employee . . .
>
> (2) Misinformation is information which we consider to be incorrect, misleading, or incomplete in view of the facts which you gave to the employee, or of which the employee was aware or should have been aware, regarding your particular circumstances . . . In addition, for us to find that the information you received was incomplete, the employee must have failed to provide you with the appropriate, additional information which he or she would be required to provide in carrying out his or her official duties.
>
> (3) The misinformation may have been provided to you orally or in writing.
>
> (4) The misinformation must have been provided to you in response to a specific request by you to us for information about your eligibility for benefits or the eligibility for benefits of the person referred to in paragraph (b)(2)(i) of this section for which you were considering filing an application.

20 C.F.R. §404.633(c).

## V. ANALYSIS

Plaintiff contends she was given misinformation when her Representative asked Defendant if the prospective adoption would affect "his or her" benefits in the future[5] and Defendant failed to respond to her Representative's question with a phone call, as the internet application stated the Defendant would call in response to a question.

---

[5] The wording of Plaintiff's Representative's question is vague. Plaintiff contends "his or her" benefits refers to her Representative and her own benefits. Defendant asserts that "his or her" refers to Plaintiff's Representative and the Representative's wife's benefits. In other words, Defendant argues that Plaintiff's Representative did not even ask Defendant how the prospective adoption would affect any potential benefits for Plaintiff. The Court finds the wording is too vague to determine whether the "her" at issue referred to the Plaintiff or the Representative's wife and thus makes no finding of error by the ALJ as to how he interpreted this phrase.

Defendant contends that no misinformation was given as it was under no requirement to telephone Plaintiff's Representative and it did provide an answer to the posed question in an informational pamphlet sent to Plaintiff's Representative with his Notice of Award letter. Plaintiff does not dispute that the pamphlet provides information that answers the question posed by Plaintiff's Representative to Defendant.

### A.    There is No Error in the ALJ's Finding of No Misinformation

The Court finds there was no legal error in the ALJ deciding that Plaintiff's Representative was not deterred from filing an earlier application for child's insurance benefits because of misinformation given by an employee of the SSA. Rather, there is substantial evidence to support the ALJ's decision.

The alleged "misinformation" at issue, as set forth by the ALJ in his decision, as well as stated by the Plaintiff here, is that Plaintiff's Representative did not receive an answer to the question he posed in his internet application. The ALJ found, however, that Plaintiff did receive an answer to the posed question through the informational pamphlet provided to Plaintiff's Representative with his Notice of Award letter. The letter also referenced the enclosed pamphlet. (AR 40-41). The pamphlet describing benefits states, "if you become the parent of a child (including an adopted child) after you began receiving benefits, let us know so we can decide whether the child is eligible for benefits." (AR 14). Plaintiff does not dispute that his letter referred to the pamphlet, that he did in fact receive the pamphlet, or that the pamphlet contains such language. Accordingly, the Court finds that there is substantial evidence in the record to support the ALJ's finding that no misinformation was given to Plaintiff's Representative.

Plaintiff contends that Defendant provided "incomplete" misinformation because the internet application stated that her Representative would receive a phone call in

response to the internet inquiry, but no phone call was received by the Representative. Here, no requirement can be found, nor does Plaintiff argue any requirement exists, that an employee must make a phone call to an applicant posing a question on an internet application. As the ALJ properly found, the Defendant answered Plaintiff's Representative question by enclosing an informational pamphlet with the Notice of Award letter, which included the answer to the question posed. The ALJ disagreed with Plaintiff's argument and this Court finds no error with the ALJ's finding.

### B. Plaintiff's Arguments Do Not Show Legal Error by the ALJ

Plaintiff raises a number of arguments in support of her claim that the ALJ committed error in finding the Defendant did not provide misinformation. The Court finds none of these arguments persuasive in showing that substantial evidence does not exist to support the ALJ's decision.

Plaintiff states that the SSA's Program Operations Manual Systems (POMS) GN 00204.008, which sets forth policies regarding what constitutes misinformation in accordance with 42 U.S.C. § 402(j)(5), allows Defendant to rectify situations where misinformation deterred a claimant from filing. Plaintiff then makes the same argument that GN 00204.008 allows for a retroactive earlier filing date to be applied here because Defendant failed to telephone Plaintiff's Representative with a response to his posed question. As stated above, however, the ALJ was correct in finding no incomplete or misinformation was provided to Plaintiff's Representative.

Plaintiff also argues that the case of Hartzell v. Astrue, 741 F. Supp. 2d 645 (D. N.J. 2010) supports her argument that Defendant had a duty to allow for retroactive child benefits when it was informed earlier that a later adopted child may be eligible for benefits. The District Court in the Hartzell case, however, stated that because

"Plaintiff's mother never informed any SSA employee about her son," the Plaintiff had not shown that the SSA failed to abide by the regulations, and therefore found Plaintiff was not entitled to any retroactive benefits. Id. At 650-51. The case did not make any finding as to the SSA's obligations when it is asked about a prospective (or hypothetical) adoption. Here, the ALJ specifically referenced Plaintiff's reliance on Hartzell and found it to be unpersuasive. (AR 13-14). The Court finds no error by the ALJ in this finding.

Plaintiff further argues that because Code of Federal Regulation Section 416.351(e) states that general information pamphlets cannot constitute satisfactory proof that misinformation was given, it should not constitute satisfactory proof to absolve Defendant of prior misinformation. First, as already discussed, the Court finds no legal error in the ALJ's finding that there was no prior misinformation. Second, Plaintiff provides no law to support this argument. Plaintiff's only argument in support of this contention is that "[a]llowing information found within a pamphlet to alleviate prior misinformation when it can't even be used as evidence of misinformation does not seem in step with the [CFR 416.351(e)(1)]." [Dkt. No. 19, p. 7]. The Court does not find this argument persuasive.

**VI. ORDER**

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

DATE: March 4, 2020

          /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge